UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SYMBOLSTIX LLC<br>909 University Drive, South<br>Huron, OH  44839<br><br>Plaintiff<br><br>vs.<br><br>SMARTY EARS, LLC<br>1412 Buxton Drive<br>DeSoto, TX  75115<br><br>and<br><br>BARBARA FERNANDES<br>1412 Buxton Drive<br>DeSoto, TX  75115<br><br>Defendants | CASE NO.<br><br>JUDGE<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT (*JURY DEMAND ENDORSED HEREON*)** |

\* \* \* \*

NOW COMES Plaintiff Symbolstix LLC, by and through counsel, and for its Complaint against Defendants Smarty Ears, LLC and Barbara Fernandes, states and alleges as follows:

## **PARTIES**

1. Plaintiff SymbolStix LLC is an Ohio limited liability company with its principal place of business in Huron, Ohio.

2. Upon information and belief, Defendant Smarty Ears, LLC is a Texas limited liability company with its principal place of business in the State of Texas, but which regularly transacts business in the State of Ohio.

3. Upon information and belief, Defendant Barbara Fernandes resides in the State of Texas and is the founder and controlling member of Defendant Smarty Ears and as such, has supervised and participated in the unlawful conduct complained of herein.

## JURISDICTION AND VENUE

4. This action arises under the Copyright Act, 17 U.S.C. § 101, *et seq.,* the Lanham Act, 15 U.S.C. § 1125, *et seq.*, and state laws including conversion, Deceptive Trade Practices Act, Unfair Competition and Breach of Contract.

5. This Court has subject matter jurisdiction over the Lanham Act and Copyright Act violations pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331 and 1338 (federal questions).

6. This Court also has subject matter jurisdiction over the remaining state claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) – (c) and 1400(a).

## BACKGROUND FACTS

8. Plaintiff is the owner of what will be referred to herein as the "SymbolStix Library," a constantly expanding collection of thousands of two dimensional pictorial images or symbols and related keywords or labels used for communication purposes, particularly in the arenas of special education and speech pathology. The images are particularly useful for communicating with special needs children who have difficulty understanding written words but who can understand a pictorial image which stands for or represents a written word.

9. Plaintiff is the copyright owner of exclusive rights under United States copyright law with respect to two Works, identified as the 2007 Work and the 2012 Work, each of which is the subject of a valid Certificate of Copyright Registration issued by the US Copyright Office. The images in the 2007 and 2012 Works are included in the SymbolStix Library.

10. On May 2, 2008, the US Copyright Office issued Copyright Registration No. VAu 978-154 (copy attached as Exhibit A) for the 2007 Work, entitled SYMBOLSTIX. The 2007 Work was completed in 2007 and consists of 427 images.

11. On May 9, 2014, the US Copyright Office issued Copyright Registration No. VA 1-905-312 (copy attached as Exhibit B) for the 2012 Work, entitled SYMBOLSTIX LIBRARY WITH KEYWORDS/LABELS AS OF NOVEMBER 19, 2012. The 2012 Work was completed in 2012 and consists of 13,435 images, with each image also having an associated keyword or label.

12. Among the exclusive rights granted to Plaintiff under the United States Copyright Act, are the exclusive rights to reproduce each of the works, to create derivative works, and to distribute the works to the public.

13. The SymbolStix Library is a very valuable asset of Plaintiff and the product of approximately 15 years of development.

14. On or about May 2, 2011, Defendant Fernandes purchased a one year limited online subscription to the SymbolStix Library. The license restricted Defendant Fernandes' use of the Symbolstix Library to noncommercial, communication purposes.

15. Upon expiration of the limited license, Defendant Fernandes' rights to use or reproduce the images in the SymbolStix Library terminated.

16. Upon information and belief, Defendant Smarty Ears, LLC is in the business of selling educational products and applications to promote communication and language skills. The products sold by Smarty Ears contain hundreds and in some instances thousands of images to be used on demonstrative boards, worksheets, games and mobile device applications. The products include, but are not limited to, the following:

- Custom Boards App
- Custom Boards PRO
- Custom Boards Premium
- Expressive
- That's how I feel
- iGreet you
- Caseload Tracker

17. Further, a Smarty Ears DVD containing 11,000 images is readily available for purchase on Amazon.com.

18. In and around the Fall of 2013, Plaintiff discovered that many of the images included in the Smarty Ears products ("Smarty Ears Products") are copied from and/or substantially similar to those found in the SymbolStix Library, and particularly, those found in the 2007 Work and 2012 Work.

19. For instance, the table below illustrates a sample of 10 images contained in Plaintiff's 2007 Work and the corresponding images found in Smarty Ears' Custom Boards and other applications:

| | SymbolStix Label | SymbolStix Symbols | Search Term in Custom Boards App | Symbol Label in Custom Boards App by Smarty Ears | Smarty Symbols in Custom Boards App by Smarty Ears |
|---|---|---|---|---|---|
| Comparison of SymbolStix and Smarty Ears Symbols by Smarty Ears | | | | | |
| 8 | Americans | | americans | americans | |
| 33 | Can I play | | Can I play | can I play | |
| 41 | cool | | cool | cool | |
| 42 | country music | | country music | country music | |
| 61 | embarrassed | | embarrassed | embarrassed | |
| 67 | exercise, touch toes | | exercise | exercise | |
| 71 | famous, movie star | | famous | famous | |
| 98 | great | | great | great | |
| 113 | healthy, strong | | healthy | healthy | |
| 335 | sweep | | work | work | |

20. Further, there are hundreds, if not thousands, of additional images in the Smarty Ears Products that are copied from and/or substantially similar to the images in Plaintiff's 2007 Work and 2012 Work.

## COUNT ONE
**(Copyright Infringement)**

21. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 20 above.

22. By creating, marketing, distributing and selling the Smarty Ears Products containing Plaintiff's images, Defendants have violated Plaintiff's exclusive rights of reproduction, creation of derivative works, and distribution with respect to the 2007 and 2012 Works, and such action constitutes copyright infringement.

23. On or about October 31, 2013 and June 11, 2014, SymbolStix, by and through counsel, issued cease and desist letters to Defendant Smarty Ears demanding it end its unlawful use of SymbolStix's copyrighted material. Defendant Smarty Ears responded by claiming to remove or "modify" a few of the infringing images, but has refused to take any action with respect to the remaining infringing images.

24. Defendant Fernandes, in her individual capacity as founder, managing member and/or officer of Smarty Ears, directed, supervised and/or participated in the creation, marketing, distributing and selling of the infringing Smarty Ears Products.

25. Upon information and belief, at all relevant times herein, Defendant Fernandes was the managing member and/or officer of Smarty Ears with the dominant influence over the limited liability company and determined or oversaw policies which resulted in the infringement and is therefore jointly and severally liable with Smarty Ears.

26. As a result of Defendants' copyright infringement, SymbolStix is entitled to recover statutory and actual damages in excess of $75,000.00 which may include its losses and any and all profits Defendants have made as a result of their unlawful conduct.

## COUNT TWO
### (Conversion)

27. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 26 above.

28. Plaintiff owns all right, title and interest in the SymbolStix Library.

29. Defendants have wrongfully exercised dominion over portions of the SymbolStix Library belonging to SymbolStix, inconsistent with and in denial of SymbolStix's rights.

30. SymbolStix has demanded that Defendants cease and desist from any further use, marketing or sales of its images, but Smarty Ears has to date, refused this demand.

31. As a result of Defendants' unlawful conduct, SymbolStix has been damaged in an amount equal to the value of the converted property, to be proven at trial, but which exceeds $75,000.00.

32. Upon information and belief, Defendants' conversion of SymbolStix's property was done intentionally, with malice and/or conscious disregard of SymbolStix's rights, entitling SymbolStix to punitive damages and attorneys' fees.

## COUNT THREE
### (Lanham Act – Federal and Unfair Competition)

33. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 32 above.

34. Smarty Ears' marketing, distributing and selling of the infringing images is an unlawful attempt to trade off of Plaintiff's goodwill and creates a likelihood of confusion in the marketplace.

35. Smarty Ears has failed to credit SymbolStix as the owner of the SymbolStix Library, or portions thereof, utilized in its Custom Boards App and other Smarty Ears Products and such conduct is an unlawful attempt to trade off of SymbolStix's goodwill.

36. Smarty Ears' unlawful conduct constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. As a direct and proximate result of Smarty Ears' unfair competition, SymbolStix is entitled to recover Smarty Ears' profits, treble the amount of SymbolStix's actual damages and the costs of this action.

38. Plaintiff is also entitled to injunctive relief pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116(a).

## COUNT FOUR
**(Violation of the Ohio Deceptive Trade Practices Act – Unfair Competition)**

39. Plaintiff repeats and incorporates by reference all of the allegations set forth in paragraphs 1 through 38 above.

40. Alternatively, Defendants' unlawful conduct constitutes a violation of the Ohio Deceptive Trade Practices Act O.R.C. § 4165.02 and/or unfair competition in violation of Ohio common law.

41. As a direct and proximate result of Defendants' unlawful action, SymbolStix has sustained actual damages in an amount to be proven at trial, but which exceed $75,000.00.

42. Upon information and belief, Defendants' unlawful action was undertaken willfully, entitling Plaintiff to an award of punitive damages and attorneys' fees.

43. Plaintiff is also entitled to injunctive relief pursuant to O.R.C. § 4165.03 and the common law.

## COUNT FIVE
### (Breach of Contract)

44. Plaintiff repeats and incorporates by reference all of the allegations set forth in paragraphs 1 through 43 above.

45. Defendant Fernandes breached the terms of the license agreement by and between her and Plaintiff which restricted Defendant Fernandes' use of the SymbolStix Library to noncommercial, communication purposes.

46. Upon information and belief, Defendant Fernandes has sold images contained in the SymbolStix Library for her and/or Defendant Smarty Ears' benefit.

47. As a direct and proximate result of Defendant Fernandes' breach of the license agreement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendants Smarty Ears, LLC and Barbara Fernandes as follows:

    A. As to Count One, an award of statutory and actual damages against Defendants, jointly and severally, plus costs and attorneys' fees;

    B. As to Count Two, an award of actual damages against Defendants, plus punitive damages and attorneys' fees;

    C. As to Counts Three and Four, an award of actual damages resulting from Defendants' unfair competition, plus costs, punitive damages and attorneys' fees;

D. As to Counts One, Three and Four, an injunction restraining Defendants from engaging in any further infringement and/or unfair competition;

E. As to Count Five, an aware of actual damages against Defendants resulting from their breach of the license agreement, jointly and severally, plus costs and attorneys' fees; and

F. Any and all further relief this Court deems just and equitable.

Respectfully submitted,

/s/Matthew W. Nakon
Matthew W. Nakon (No. 0040497)
E-mail MNakon@WickensLaw.com
Rachelle Kuznicki Zidar (No. 0066741)
E-mail RZidar@WickensLaw.com
Wickens, Herzer, Panza, Cook & Batista Co.
35765 Chester Road
Avon, OH  44011-1262
(440) 695-8000 (Main)
(440) 695-8098 (Fax)

ATTORNEYS FOR PLAINTIFF, SYMBOLSTIX LLC

## JURY DEMAND

Plaintiff Symbolstix LLC hereby demands a trial by jury on all issues presented herein.

/s/Matthew W. Nakon
Matthew W. Nakon
Rachelle Kuznicki Zidar